PEOPLE *v.* NIELSEN.

EMBEZZLEMENT—DEPOSIT IN PRIVATE BANK.

The evidence is examined in this class, and it is *held* that the uncontradicted testimony shows that the complaining witness deposited the money in question in a private bank, to remain there until it should be needed, and that therefore the respondent, one of the bankers, was not guilty of embezzlement as an agent, although the money was lost by the failure of the bank.

Exceptions before judgment from Oceana; Palmer, J., presiding. Submitted February 21, 1902. (Docket No. 127.) Decided June 3, 1902.

Frederik Nielsen was convicted of embezzlement. Reversed.

*Hartwick & Skeels* (*R. A. Montgomery*, of counsel), for appellant.

*Horace M. Oren*, Attorney General, and *Wallace Foote*, Prosecuting Attorney, for the people.

HOOKER, C. J. The defendant was convicted of the offense of embezzlement. He and a copartner named Ambler owned and conducted a bank at Pentwater. Peterson, a cousin of the defendant, had some negotiations with him in relation to the former's taking Ambler's interest in the bank by purchase, and Nielsen, the defendant,

made a proposition, the substance of which was that Peterson should borrow a sum of money in Europe, that it should be delivered to Nielsen or the bank, and that the same should draw interest, and Peterson should be employed in the bank, until an arrangement for partnership could be made between Nielsen and himself. Peterson procured the money from friends in Europe, and delivered it to Nielsen at the bank, and he in turn delivered the draft to an employé, with directions to him to enter it for collection, and it was sent to the bank's correspondent at Chicago, and the credit exhausted by being drawn against. Subsequently the Pentwater bank failed, and Peterson never recovered his money.

The defendant's counsel insist that the uncontradicted testimony shows that the understanding was that the money should be deposited in the bank by Peterson until it should be needed, while the prosecution claims that the money was left by Peterson with Nielsen, to be kept for him until the arrangement could be made with Ambler for his interest, when it was to be used to pay him. It is only upon the latter theory that the verdict can be sustained. We have examined the testimony bearing upon the subject, and are of the opinion that it leaves no room for doubt that the arrangement was as claimed by defendant's counsel. The testimony of Peterson, taken as a whole, is consistent with no other theory.

The conviction is reversed, and a new trial ordered.

MOORE and GRANT, JJ., concurred. LONG and MONTGOMERY, JJ., did not sit.